COMMONWEALTH *vs.* CHARLES T. POWDERLY.

Norfolk.    February 4, 1889. — February 8, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Common Nuisance — License — Public Bar —*
*Evidence.*

On the issue whether a person licensed to sell intoxicating liquors to be drunk on
the premises kept a public bar, it was admitted that he kept a bar, fitted up
with liquors of all kinds, glasses, and the usual implements and appliances of a
bar; an officer testified that he had seen men standing at such bar, upon which
were bottles, drinking from glasses liquor of the color of whiskey, but could not
swear what such liquor was. The presiding judge admitted the officer's testi-
mony and submitted the entire evidence to the jury, and, having already
quoted from a former decision of this court a definition of a public bar, refused
at the close of the charge further to define such a bar. *Held*, that the defend-
ant had no ground of exception.

COMPLAINT for keeping and maintaining a common nuisance,
to wit, a tenement in Randolph used for the illegal sale and
illegal keeping for sale of intoxicating liquors, between May 1,
1888, and June 6, 1888. At the trial in the Superior Court,
before *Sherman*, J., evidence was introduced tending to prove
the following facts.

The defendant, who held licenses as a common victualler,
and of the first and fourth classes,* for the sale of intoxicating
liquors, was the proprietor, during the time alleged, of a saloon,
being the tenement in question, on Main Street in Randolph.
In this saloon the defendant had an oyster counter, a cigar case,
and the necessary utensils and implements for supplying food,
which was kept constantly on hand. At the rear of the saloon
and running across it was a bar about ten or twelve feet long
and between four and five feet high, which was fitted up with

---

* By the Pub. Sts. c. 100, § 9, " Each license of the first, second, and third
classes shall be subject to the further condition that the licensee shall not
keep a public bar, and shall hold a license as an innholder or common vict-
ualler." By § 10, a license of the first class authorizes the licensee "to
sell liquors of any kind, to be drunk on the premises"; and a license of
the fourth class authorizes him " to sell liquors of any kind, not to be drunk
on the premises."

fancy bottles, with liquors of all kinds, with glasses, and with the usual implements and appliances of a bar.

One De Costa and one Mullins, who were unwilling witnesses for the government, each testified, on direct examination, that they had called for, received, and paid for intoxicating liquors at this bar; but on cross-examination each stated that such liquors, while called for at the bar or got from the defendant's barkeeper, were delivered to them and drank while they were sitting at tables in the saloon.

One Farrell, an officer, testified that, during the time alleged, while standing on the sidewalk in front of the saloon, he had looked into it and seen men standing at the bar and drinking liquor of the color of whiskey from glasses, there being bottles on the bar; but on cross-examination he stated that he could not swear what the liquor was that the men were drinking at the bar.

The defendant asked the judge to rule that there was not sufficient evidence, and no evidence that the defendant kept a public bar within the meaning of the Pub. Sts. c. 100, § 9, cl. 5; but the judge refused so to rule, and the defendant excepted.

The judge, in instructing the jury, read from the opinion in the case of *Commonwealth* v. *Rogers*, 135 Mass. 536, and gave other instructions not objected to.

After the charge to the jury was finished, the defendant asked the judge to define what would constitute a public bar, and also to instruct the jury to disregard the evidence of Farrell, as he did not know, and could not swear positively, that the liquid which he saw the men drinking at the bar was intoxicating liquor.

The judge refused the request, remarking that the evidence of the officer, with the other evidence in the case, was competent, whether or not the officer knew the kind of liquid that was being drunk at the bar.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge,* for the defendant.

*A. J. Waterman,* Attorney General, *& H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. The defendant's license was subject to the condition that he should not keep a public bar, and the testi-

mony of the witnesses DeCosta, Mullins, and Farrell was sufficient to warrant a finding by the jury that he kept a public bar. The fact that two of the witnesses changed their testimony somewhat on cross-examination went only to its weight, and the jury might still believe what they said on their direct examination.

There was no occasion for the judge to give any further definition of what would constitute a public bar. There was no doubt that the defendant kept a bar, which, if sales of liquor were publicly made at it, would be a public bar.

The evidence of Farrell might properly be considered, especially in connection with the admitted fact that the bar was fitted up with liquors of all kinds, glasses, and with the usual implements and appliances of a bar.          *Exceptions overruled.*